# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

U.S.A. vs. Aaron Wood                                              Docket No. 3:02CR00072(AWT)

### PETITION ON PROBATION AND SUPERVISED RELEASE

FILED

**COMES NOW,** Charmaine R. Harkins, presenting an official report upon the conduct and attitude of Aaron Wood who was sentenced to 43 months imprisonment for a violation of 21 U.S.C. § 846, Conspiracy to Posses with Intent to Distribute Cocaine Base by the Honorable Alvin W. Thompson, sitting in the court at Hartford, Connecticut, on March 26, 2003 who fixed the period of supervision at five years which commenced on April 28, 2005 and imposed the general terms and conditions theretofore adopted by the court: 1) The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. The defendant shall pay all, or a portion of, the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer; 2) The defendant shall participate in a mental health treatment program as directed by the probation officer. The defendant shall pay all, or a portion of, the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer; 3) The defendant shall participate in educational and/or vocational training, as approved by the probation officer; 4) The defendant shall maintain full-time employment (or the equivalent) for the duration of his supervised release; 5) The defendant shall perform, during his first three years of supervised release, 600 hours of community service at the rate of 200 hours per year; 6) The defendant shall use his best efforts to avoid places where illegal substances are sold, used, distributed or administered; and, 7) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Office.

The defendant's term of supervision commenced on April 28, 2005, and is scheduled to terminate on April 27, 2010.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

The defendant is being cited for violating the following conditions of supervised release:

**Charge No. 1 - Special Condition:** "The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. The defendant shall pay all, or a portion of, the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer." On July 7, 2005, the defendant was referred to Wheeler Clinic for a treatment assessment. Mr. Wood has failed to attend treatment.

**Charge No. 2 - Mandatory Condition:** "You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment or placement on supervision and at least two periodic tests thereafter, as directed by the probation office."  Mr. Wood tested positive for marijuana on June 24, 2005. He also failed to report for a random urinalysis on August 24, 2005.

**Charge No. 4 - Standard Condition:** "You shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month."  Mr. Wood had a scheduled office visit on August 18, 2005 and failed to report as instructed. He also failed to call the probation office as instructed.

**Charge No. 5 - Standard Condition:** "You shall notify the probation officer ten days prior to any change in residence or employment."  During a routine telephone call to the offender's home on August 23, 2005, his roommate informed the probation office that Mr. Wood was no longer living at that address and had moved out. Mr. Wood failed to notify this office of his change of residence. His whereabouts are unknown and he is considered to be an absconder. Additionally, on July 20, 2005, the defendant reported that he was employed as a telemarketer for FJB in Rocky Hill, Connecticut. Employment was confirmed on August 12, 2005. On August 19, 2005, however, this employer stated that the defendant was no longer employed with this company. Mr. Wood failed to notify this office of his job loss.

**PRAYING THAT THE COURT WILL ORDER** a warrant to issue with the period of supervision be tolled.

**ORDER OF COURT**

Considered and ordered this 8th day of September 2005, and ordered filed and made a part of the records in the above case.

_____
The Honorable Alvin W. Thompson
United States District Judge

Sworn to By

_____
Charmaine R. Harkins
United States Probation Officer

Place Hartford, Connecticut

Date September 8, 2005

Before me, the Honorable Alvin W. Thompson, United States District Judge, on this 8th day of September 2005, at Hartford, U.S. Probation Officer Charmaine R. Harkins appeared and under oath stated that the facts set forth in this petition are true to the best of her knowledge and belief.

                                                                                         The Honorable Alvin W. Thompson
                                                                                         United States District Judge